UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RICHARD WATKINS-EL o/b/o his minor
children under the age of eighteen R. W.-El,
R. B.-El, R. B.-El, R. B.-El,

                        Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                          16-CV-2256 (WFK)(LB)

DEPARTMENT OF EDUCATION, LYNN
STATON, individually and in her capacity as
Principal, JULIA SYKES, in her capacity as
Health Director, AMIRITA HARBAJAN,
in her capacity as Health Director,
ADMINISTRATION FOR CHILDREN'S
SERVICES, ADRIAN EDWARDS,
individually and in her official capacity,

                        Defendants.
------------------------------------------------------------x

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is an Order to Show Cause for preliminary injunctive relief filed by *pro se* plaintiff Richard Watkins-El ("Plaintiff"). For the reasons set forth below, the Court hereby DENIES Plaintiff's request for injunctive relief.

## INTRODUCTION

On May 5, 2016, Plaintiff filed a Complaint alleging that (1) the New York City Department of Education ("DOE"), the New York City Administration for Children's Services ("ACS"), Lynn Staton, Julia Sykes, Amirita Harbajan, and Adrienne Edwards (s/h/a "Adrian Edwards") (collectively, "Defendants") improperly denied Plaintiff's request for a religious exemption from the New York state and local school immunization requirements; and (2) Defendants retaliated against Plaintiff by instigating an ACS investigation in violation of Plaintiff's rights. ECF No. 1 ("Compl."). Plaintiff attached to the Complaint an unsigned Order to Show Cause requesting a temporary restraining order and preliminary injunction. ECF No. 3.

1

On May 5, 2016, the Court denied Plaintiff's request for a temporary restraining order but executed the Order to Show Cause. ECF No. 5 ("OTSC"). On May 18, 2016, Defendants filed a memorandum in opposition to the Order to Show Cause. ECF No. 6 ("Opp."). On May 24, 2016, Plaintiff filed a reply brief. ECF No. 14. The Court now considers Plaintiff's request for injunctive relief.

## BACKGROUND

### A. Factual Background

Plaintiff brings this action on behalf of his four children who are enrolled at P.S. 36 in Queens, New York. *See* Compl. ¶ 1; ECF No. 8 ("Staton Decl.") ¶ 4. Three of Plaintiff's children have received certain, but not all, of the immunizations required by state and local law. Staton Decl. ¶ 6. On November 9, 2015, Principal Lynn Staton sent three notices to Plaintiff informing him that his three youngest children were missing certain immunizations. *Id.* ¶ 7. Plaintiff thereafter submitted a request for a religious exemption to the immunization requirements. *Id.* ¶ 8.

Health Director Julia Sykes of the Office of School Health (OSH) reviewed Plaintiff's exemption request and discerned no genuine and sincere religious impetus for Plaintiff's objection to immunization. ECF No. 7 ("Sykes Decl.") ¶ 11. In particular, Health Director Sykes noted the inconsistency in Plaintiff's religious objection to vaccination when his oldest child was fully vaccinated and his three youngest children had each received some of the required immunizations. *Id.* Health Director Sykes denied Plaintiff's request by letter dated January 28, 2016, explaining that Plaintiff could appeal the denial by arranging an interview with Health Director Amrita Harbajan within 10 days. *Id.* at Ex. 2. Plaintiff contacted Health Director Harbajan to voice his dissent, but Plaintiff refused to set up an appeal interview with her. *Id.* ¶ 13.

On February 10, 2016, Principal Staton issued three notices of exclusion for Plaintiff's three youngest children—Plaintiffs R.B-El, R.B-El, and R.B.-El—prohibiting them from attending P.S. 36 until they were fully vaccinated under state and local law. Sykes Decl. ¶ 15. Plaintiff objected to these notices of exclusion in a letter to P.S. 36 and the OSH, arguing that he did not have to "validate" his religion to anyone. *Id.* ¶ 16. Health Director Sykes reviewed Plaintiff's letter and found that it did not provide a genuine and sincere religious impetus for Plaintiff's failure to immunize his children. *Id.* ¶ 18. Health Director Sykes again sent Plaintiff a letter denying his religious exemption request and explaining the appeals process. Compl. Ex. G. Plaintiff did not appeal. Sykes Decl. ¶ 19.

Principal Staton continued to monitor the status of the minor Plaintiffs to ensure that the children were properly provided for. Staton Decl. ¶ 15. As of April 2016, the three youngest children had not attended school for nearly two months, and the oldest child had attended school only sporadically. *Id.* ¶ 16. On April 4, 2016, Principal Staton submitted a report of Plaintiff's suspected educational neglect to the State Central Register. *Id.* Following Principal Staton's report, ACS initiated an investigation as required by state law, and assigned Child Protective Specialist (CPS) Adrienne Edwards to the investigation. Compl. ¶ 101. The ACS investigation is ongoing.

### B. New York Immunization Requirements

Pursuant to New York Public Health Law § 2164, a student cannot attend classes for more than fourteen days unless the student's parent furnishes a certificate of immunization for the student, a certificate from a physician indicating that a certain immunization is detrimental to the student's health, or a written, signed statement indicating that the parent "holds genuine and sincere religious beliefs which are contrary to the practice" of immunization. N.Y. Pub. Health L.

3

§§ 2164(7)(a), 2164(9); N.Y. Educ. L. § 914; 10 N.Y.C.R.R. § 66-1.3(d). A parent requesting an exemption under Public Health Law § 2164(9) has the burden of proving that his or her opposition to immunization is a personal and sincerely held religious belief. *See, e.g., Sherr v. Northport-East Northport Union Free Sch. Dist.*, 672 F. Supp. 81, 92-97 (E.D.N.Y. 1987) (Wexler, J.).

In New York City, all students are required to obtain immunization for the following vaccines: (1) four doses of DTap, DTP, or Tdap; (2) three doses of IPV or OPV; (3) one dose of MMR; (4) three doses of Hepatitis B; and (5) one dose of Varicella. *See* Opp. at 8. Pursuant to Chancellor's Regulation A-701, a parent may request an exemption from these immunization requirements by submitting a letter detailing the parent's "genuine and sincere religious beliefs." *Id.* at 8. The OSH is responsible for approving or denying the request. *See id.* If the request is denied, the parent may appeal by arranging for a personal interview, after which the OSH will make a final decision based on the entirety of the evidence. *Id.*

## LEGAL STANDARD

"The district court has wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consolidated Edison Co. of N.Y.*, 409 F.3d 506, 511 (2d Cir. 2005). A preliminary injunction is "an extraordinary and drastic remedy," and it "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).

To carry such a burden, the moving party must demonstrate "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *County of Nassau, N.Y. v. Leavitt*, 524 F.3d 408, 414 (2d Cir. 2008) (quoting *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 476

(2d Cir. 2004)).

When a party "seeks a preliminary injunction that will affect government action taken in the public interest pursuant to a statutory or regulatory scheme," however, "the injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard." *Leavitt*, 524 F.3d at 414 (internal quotation marks and citation omitted). In evaluating whether a *pro se* movant has met this standard, courts in the Second Circuit "liberally construe pleadings and briefs . . . reading such submissions to raise the strongest arguments they suggest." *Bertin v. U.S.*, 478 F.3d 489, 490 (2d Cir. 2007).

## ANALYSIS

### 1. Immunization Exemption

Plaintiff seeks a preliminary injunction exempting his children from state and local immunization requirements designed to maintain public health and prevent the spread of communicable disease, alleging (1) New York's immunization requirements violate Plaintiff's constitutional rights to due process and free exercise of religion, and (2) the OSH improperly denied Plaintiff's exemption request under Public Health Law § 2164. Plaintiff cannot demonstrate his entitlement to such relief on either ground.

Plaintiff has failed to demonstrate a likelihood of success on the merits of his constitutional claims. The Second Circuit has explicitly held that the immunization requirements of Public Health Law § 2164 violate neither the Free Exercise Clause of the First Amendment nor the Due Process clause of the Fourteenth Amendment. *See Phillips v. City of New York*, 775 F.3d 538 (2d Cir. 2015), *aff'g* 27 F. Supp. 3d 310 (E.D.N.Y. 2014) (Kuntz, J.).

Plaintiff's state law claims are equally unavailing. First, Plaintiff did not appeal the determination of the OSH, thereby failing to exhaust his administrative remedies. *See Watergate*

*II Apts. v. Buffalo Sewer Auth.*, 46 N.Y.2d 52, 57 (1978) ("[O]ne who objects to the act of an administrative agency must exhaust available remedies before being permitted to proceed to litigate in a court of law[.]").

Even if Plaintiff had pursued his state law claims to a final administrative determination ripe for review in this Court, the claims would still fail on the merits. Although Plaintiff asserts that his religion is "Islamism" and that he is a Moor, he does not claim that the tenets of Islamism or Moorish culture prohibit vaccinations. Compl. ¶¶ 10-11, 13. Instead, Plaintiff bases his opposition on the assertion that these vaccines contain "monkey cells, pork derivatives, and aborted human fetuses," which Plaintiff's religion dictates he cannot consume. *Id.* ¶ 18. Plaintiff's opposition to these substances may be genuine and sincere, but he has not demonstrated that it stems from a religious, rather than simply moral, belief. *See Mason v. General Brown Cent. School Dist.*, 851 F.2d 47, 52 (2d Cir. 1988) ("Everyone makes basic choices about where to live, what to eat, and how to raise children. Merely because these decisions are important, and may be supported by strong conviction, does not render them religious."). Furthermore, Plaintiff presents no evidence that these vaccines in fact contain the substances to which he objects.

Accordingly, this Court DENIES Plaintiff's request for a preliminary injunction ordering a vaccine exemption for his minor children.

### 2. ACS Investigation

Plaintiff also seeks to enjoin the ACS investigation into his suspected educational neglect. Plaintiff similarly fails to demonstrate that he is entitled to such relief.

New York Social Services Law § 424 requires ACS to investigate reports of abuse or neglect made to the state Central Register. *See* N.Y. Soc. Serv. L. § 424(6)(a). Principal Staton,

as a school administrator, is mandated by state law to report suspected neglect. *See id.* § 413(a). The extended absence of Plaintiff's three minor children, coupled with the sporadic attendance of Plaintiff's fully-vaccinated child, sufficiently indicated educational neglect to trigger Principal Staton's duty to report. *See, e.g., Matter of Annalize P. (Angie D.)*, 911 N.Y.S.2d 291, 292 (1st Dept. 2012) (affirming finding of educational neglect where parent permitted child to have 24 unexcused absences); *In re Kyle T.*, 680 N.Y.S. 2d 376, 377 (4th Dept. 1998) (affirming finding of educational neglect where child had forty-five unexcused absences during school year and parent removed child from school without providing alternate schooling).

Plaintiff has no right to be free from ACS investigation, and he presents no evidence revealing the ongoing investigation to be meritless or retaliatory. This Court finds it unlikely that Plaintiff will succeed on the merits of his claims regarding the ACS investigation.

Accordingly, the Court DENIES Plaintiff's request for a preliminary injunction ordering the ACS to terminate its investigation and preventing future retaliation by Principal Staton.

## CONCLUSION

Balancing public health with personal autonomy is a delicate task. Plaintiff has not shown that his familial decisions take precedence over New York State vaccination laws, which shelter the most vulnerable members of society with herd immunity. As set forth above, the Court DENIES Plaintiff's request for a preliminary injunction in its entirety. The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

s/William F. Kuntz, II
**WILLIAM F. KUNTZ, II**
United States District Judge

Dated: October 6, 2016
      Brooklyn, New York